UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| APRIL J. MCKENZIE-HALL, | : | CASE NO. 1:19CV02111 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1, 2, 3] |
| BARRACK OBAMA, et al., | : | |
| Defendants. | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff April J. McKenzie-Hall brings this action against defendants Barrack Obama, Hillary Clinton, the FBI, Tanya Borich, and Gus Bey.[1] Plaintiff seeks to proceed with this action *in forma pauperis*,[2] and for the appointment of counsel and to add an additional party.[3]

Plaintiff's motion to proceed in forma pauperis is granted. For the reasons that are described, this action is dismissed. Plaintiff's motion for appointment of counsel and to add an additional party is moot and is denied.[5]

## I. Background

Plaintiff's allegations are difficult to understand and her claims are difficult to understand. According to the Complaint, Plaintiff's husband was forced into an adulterous relationship to cover up wrongdoing done to Plaintiff, including "womb kidnapping."

---

[1] Doc. 1.

[2] Doc. 2.

[3] Doc. 3.

[5] Doc. 3.

Case No. 1:19CV02111
Gwin, J.

According to Plaintiff's Complaint, certain individuals forced a separation of Plaintiff from her children for the false reason that she is schizophrenic.

Plaintiff claims that she is unable to see her children or husband and her husband's family will not inform her as to their location. She alleges that "they" have placed illegal microphones in the teeth of her husband and children, and that certain individual are threatening to murder her, her husband, and their children. Somehow, she attributes this conduct to President Obama and Hillary Clinton due to "due to free inventions" found in her husband's name.[6]

## II. Discussion

Although *pro se* pleadings are liberally construed,[7] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[8] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless[9] or rise to the level of the irrational or "wholly incredible."[10]

The Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Bell Atl. Corp. v. Twombly*,[11] and *Ashcroft v. Iqbal*,[12] governs dismissal for failure to state a claim under §

---

[6] Doc. 1.

[7] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[8] *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

[9] *Neitzke,* 490 U.S. at 327.

[10] *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

[11] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[12] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Case No. 1:19CV02111
Gwin, J.

1915(e)(2)(B)(ii).[13] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.

Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements[14] and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[15] In reviewing a complaint, the Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[16]

Even with the benefit of liberal construction, this action must be dismissed. The Complaint provides no factual content or context from which this Court may reasonably infer from Plaintiff's incredible factual allegations that Defendants violated Plaintiff's rights. Because the Complaint lacks an arguable basis in law or fact and fails to state a claim upon which relief may be granted, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and is closed. Plaintiff's motion to proceed in forma pauperis is granted.[17] Plaintiff's motion for appointment of counsel and to add a party is moot and denied as such.[18]

---

[13] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[14] *Twombly,* 550 U.S. at 564.

[15] *Iqbal,* 556 U.S. at 677-78.

[16] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

[17] Doc. 2.

[18] Doc. 3.

-3-

Case No. 1:19CV02111
Gwin, J.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 7, 2020            *s/ James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE